UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Plastech Engineered Products, Inc.,
a Michigan Corporation,

    Plaintiff,

v.                                                                                          Case No. 06-11704

Joe Balous, Trustee fo the Joe Balous          Honorable Sean F. Cox
Revocable Trust, U/A/D September 13, 1983,
As Amended, *et al.*,

    Defendants.
_____/

## OPINION & ORDER

This action is currently before the Court on Defendants' "Motion for Judgment on the Pleadings As To Plaintiff's Tort Claim for Misrepresentation Count V Of The Complaint." In this motion, Defendants ask the Court to dismiss Plaintiff's fraudulent misrepresentation claim because the alleged misrepresentations are not false statements of verifiable fact, but rather, are merely expressions of subjective opinions and predictions of future events. Alternatively, they assert that the Court should dismiss the claim under FED. R. CIV. P. 9(b) for failure to allege fraud with particularity. As explained below, the Court concludes that Plaintiff has failed to plead fraud with particularity, but that the Court shall grant Plaintiff's request for leave to file an amended complaint that comports with Rule 9(b). The Court shall therefore decline to rule on the substantive issue set forth in Defendants' Motion to Dismiss at this time.

BACKGROUND

Plaintiff Plastech Engineered Products, Inc. ("Plaintiff") provides injection and blow

1

molded, painted, stamped and assembled plastic components to the world's largest automakers, over a variety of vehicle platforms. (Compl. at ¶ 6). Defendants, Joe Balous, Trustee of the Joe Balous Revocable Trust, U/A/D September 13, 1983, As Amended and Richard J. Nash and Successors, Trustees of the Richard J. Nash Revocable Trust, U/A/D March 11, 1994 (collectively "Defendants"), owned all of the issued and outstanding shares of capital stock of a company called LDM Technologies, Inc. ("LDM").

Following negotiations, Plaintiff and Defendants entered into a Stock Purchase Agreement dated December 18, 2003 ("the Stock Purchase Agreement"), under which Plaintiff acquired LDM from Defendants.

On April 7, 2006, Plaintiff filed this action against Defendants. Plaintiff's complaint contains the following counts: "Declaratory Judgment – Inadequate Objection" (Count I); "Intellectual Property Claims" (Count II); "Deficiencies in the Romulus, Michigan Facility" (Count III); "Defects in the Paint Line at the Byesville, Ohio Facility" (Count IV); "Federal Tax Deficiency" (Count V); "Tort (Misrepresentation)" (also labeled by Plaintiff as "Count V"); and "Material Contract" (Count VI). For ease of reference, the Court will refer to Plaintiff's "Tort (Misrepresentation)" claim, the only claim at issue in this motion, as "Count V." In Count V, Plaintiff alleges as follows:

> 53. Sellers made the following material misrepresentations willfully and/or negligently, knowing that they were false and knowing that Buyer would act upon them, and Buyer did act in reliance on Sellers' misrepresentations:
>
>     a. Ford T1 Program. Sellers represented that they had a 100% confidence level that LDM had secured up to $100 million in annualized business relating to Ford's F-150, F-250 and the U222/2228 (Expedition/navigator) programs for 2006, 2007 and

2

2008. Sellers represented that the F-250 and F-350 already were sourced to LDM and that the F-150 program was to follow source the other two programs. Buyer did not receive that work. Ford has sourced this business to Visteon instead of LDM.

b. Ford Supplier Consolidation for 'Block Sourcing.' Sellers represented that Ford had determined to consolidate its suppliers for 'Block Sourcing' or Block Plastic' and that, as a result, LDM would be receiving additional Ford Business which is likely to total $100 million in sales. Sellers expressed a 90% confidence level in at least $35 million in sales in each of 2005, 2006 and 2007. Buyer did not receive this additional business, and buyer suffered lost business opportunities.

c. GM 130 (Buick Century Fascia) Program. Sellers represented LDM had secured this GM business for an additional 2 to 3 years. After the closing of the Transaction, Buyer learned that GM had determined to terminate or 'balance out' this program within the year.

d. Ford Next Generation Air Outlets and Cowl Assemblies for the U222/228 Program (Navigator/Expedition). Upon information and belief, before the closing of the Transaction, Ford advised LDM that the business, amounting to approximately $10 to $20 million per year, had been resourced to another supplier. Sellers not only failed to disclose to Buyer the termination of this business, but affirmatively represented that LDM's supply of this component to Ford was continuing.

54. At the time the misrepresentations were made Sellers knew the representations were false or the Sellers made the representations recklessly, without any knowledge of the truth of the representations and as a positive assertion.

55. Sellers made the representations with the intention that Buyer should act upon the representations.

56. Buyer, in fact, acted in reliance upon each of the representations set forth above.

57. As a direct result of Buyer's reliance on Sellers' misrepresentations, Buyer suffered economic damages including lost business opportunities.

3

58. Inasmuch as Sellers' misrepresentations were made willfully in an effort to induce Buyer to enter the Stock Purchase Agreement, and Sellers either knew, or should have known that they [sic] their representations were false at the time they were made, contrary to the assurances intended by the representations made in Section VII, and contrary to the provisions of §10.1 of the Stock Purchase Agreement, Buyer's damages should not be limited by any provision of the Stock Purchase Agreement which presumes the parties acted in good faith.

WHEREFORE, Buyer respectfully requests that this Court order Sellers to indemnify Buyer for their economic losses suffered in reliance on Sellers' misrepresentations, including reasonable attorney fees, pursuant to §10.2 of the Stock Purchase Agreement and general principles of equity, and that the Court grant Buyer such other relief as justice and equity require.

(Compl. at 12-14).

## ANALYSIS

In their motion, Defendants assert that the Court should dismiss Plaintiff's fraudulent misrepresentation claim because the alleged statements are not false statements of verifiable fact, but rather, are merely expressions of subjective opinions and predictions of future events. Alternatively, they assert that the Court should dismiss the claim under FED. R. CIV. P. 9(b) for failure to allege fraud with particularity.

"Pursuant to Federal Rule of Civil Procedure 9(b), in any complaint averring fraud or mistake, 'the circumstances constituting fraud or mistake shall be stated with particularity.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Id*. (citing *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)).

4

Defendants assert that Plaintiff's complaint does not allege the time, place and content of the alleged misrepresentations. They also note that where, as here, you have more than one defendant accused of fraud, the complaint must specify who made the particular misrepresentations. *Hoover v. Langson Equipment Assoc. Inc.*, 958 F.2d 742, 745 (6th Cir. 1992). Defendants also assert that under *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485 (6th Cir. 1990), allegations of fraud cannot be based upon "information and belief," except where the relevant facts lie exclusively within knowledge and control of the opposing party, and even then, the plaintiff must plead a particular statement of facts upon which his belief is based. In sum, Defendants assert that Plaintiff's complaint here does not specify the "who, what, when, where and how" relating to the fraud claim and should therefore be dismissed under Rule 9(b).

Plaintiff asserts that it has pled the circumstances of the fraud with particularity. Alternatively, it asserts that if the Court determines that it has not pled its claims with particularity it should be granted leave to file an amended complaint in which it alleges its claim with particularity.

The Court concludes that Plaintiff's complaint fails to plead fraud with the specificity required under FED. R. CIV. P. 9(b). Given the liberal standard for granting leave to amend a complaint, and the early stage of this litigation and lack of prejudice to Defendants, however, the Court shall grant Plaintiff leave to file an amended complaint so that Plastech can attempt to file a complaint that comports with FED. R. CIV. P. 9(b).

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendants' Motion to Dismiss [Docket Entry No. 15] is hereby **DENIED WITHOUT PREJUDICE.**

5

**IT IS FURTHER ORDERED** that Plaintiff is hereby **GRANTED LEAVE TO FILE AN AMENDED COMPLAINT.** Such amended complaint must be filed within 21 days of the date of this Order. Plaintiff is further instructed that in order to comply with FED. R. CIV. P. 9(b), and the cases interpreting it, Plaintiff's amended complaint should allege all of the following: 1) the date, place, specific content (substance), and form (oral, written, etc.) of each alleged misrepresentation; 2) the person or persons who is alleged to have made each misrepresentation; 3) the fraudulent scheme; 4) the fraudulent intent of the defendants; and 5) the injury resulting from the fraud. The Court further instructs Plaintiff that, under *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485 (6th Cir. 1990), its amended fraud allegations should not be based "upon information and belief," "except where the relevant facts lie exclusively within knowledge and control of the opposing party." Moreover, if that is the case, then Plaintiff must still "plead a particular statement of facts upon which the belief is based."

The Court notes that in Plaintiff's Response Brief, it makes references indicating that Count V states several different claims (*i.e.*, fraudulent misrepresentation, innocent misrepresentation, and fraudulent inducement). The Court therefore **ORDERS** that Plaintiff's amended complaint shall include a separately numbered and titled count for each claim it intends to assert in this action so that Defendants have fair notice of the claims asserted against them.

**IT IS FURTHER ORDERED** that Defendants may file a renewed Motion to Dismiss following the filing of Plaintiff's amended complaint.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 22, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2007, by electronic and/or ordinary mail.

                                      S/Jennifer Hernandez
                                      Case Manager